**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ALEXANDER MOJICA-GARAY,

      **Plaintiff-Petitioner,**

          **v.**

UNITED STATES OF AMERICA,

      **Defendant-Respondent.**

**Civil No.** 17-1604 (FAB)

Related to

**Criminal No.** 15-669 [1] (FAB)


**OPINION AND ORDER**[1]

BESOSA, District Judge.

    Plaintiff-petitioner Alexander Mojica-Garay ("Mojica") moves to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Civil Docket No. 1.) Defendant-respondent United States of America ("government") opposes Mojica's motion. (Civil Docket No. 13.) For the reasons set forth below, the Court **DENIES** Mojica's motion to vacate his sentence. (Civil Docket No. 1.)

**I.   Factual Background**

    On October 22, 2015, a federal grand jury returned an indictment charging Mojica with: (1) possession of a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(ii) ("section 924(c)(1)(B)") ("count one"); (2) possession of firearms in furtherance of a drug trafficking

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Opinion and Order.

crime in violation of 18 U.S.C. section 924(c)(1)(A)(i) ("section

924(c)(1)(A)") ("count two"); and (3) possession of a controlled

substance with intent to distribute in violation of 21 U.S.C.

sections 841(a)(1) and 841 (b)(1)(C) (collectively, "section 841")

("count three").  (Criminal Docket No. 11.)

On February 10, 2016, Mojica "ple[d] guilty to Counts Two and

Three of the Indictment" pursuant to Federal Rules of Criminal

Procedure 11(c)(1)(A-B) ("Rule 11"), and in exchange, the

government agreed to dismiss count one of the indictment.

(Criminal Docket No. 45 at pp. 1, 5-6; Criminal Docket No. 92 at

pp. 10-11.)  Pursuant to the plea agreement, Mojica "waive[d] and

surrender[ed] his right to appeal [his] judgment and sentence in

this case."  (Criminal Docket No. 45 at p. 6.)  He also affirmed

that he was "satisfied with counsel, . . . and assert[ed] that

counsel [] rendered effective legal assistance."  Id.  Mojica

signed every page of the plea agreement in acknowledgement of its

terms and conditions, and including his agreement to the

Stipulation of Facts made part of his plea agreement. See Criminal

Docket No. 45.

At Mojica's change of plea hearing, the Court questioned

Mojica in accordance with Rule 11.  See Criminal Docket No. 92.[2]

Mojica stated, "I accept my guilt for the 924(c) case because I am

aware that I committed a fault and for which today, on February

10, I do. I come here before you, Your Honor, and I raise my hand.

And I do state that I am guilty to this 924(c) charge."  Id. at

p. 5.  Mojica confirmed that he received a copy of the pending

indictment, that he discussed the charges in the indictment and

his decision to plead guilty with his attorney, and that he was

fully satisfied with the counsel, representation, and advice

provided by his attorney.  Id. at p. 6.  Mojica also verified that

he understood the terms of his plea agreement and that he waived

and surrendered his right to appeal his sentence and the judgment

in the case.  Id. at pp. 12-13.  The Court accepted Mojica's guilty

plea and sentenced him "for a term of 120 months as to Count Two

and 8 months as to Count Three, to be served consecutively to each

---

[2] Rule 11 states, in relevant part:

> Before the court accepts a plea of guilty or nolo contendere,
> the defendant may be placed under oath, and the court must address
> the defendant personally in open court. During this address, the
> court must inform the defendant of, and determine that the defendant
> understands [the consequences of pleading guilty.]

> Before accepting a plea of guilty or nolo contendere, the
> court must address the defendant personally in open court and
> determine that the plea is voluntary and did not result from force,
> threats, or promises (other than promises in a plea agreement).

Fed. R. Crim. P. 11(b)(1-2).

other, for a total term of imprisonment of 128 months." (Criminal

Docket No. 93 at p. 17; <u>see</u> Criminal Docket No. 92 at p. 21.)

On April 30, 2017, Mojica filed a motion to vacate, set aside

and correct his sentence, arguing that he should not have been

convicted of count two of the indictment regarding section

924(c)(1)(A) pursuant to 28 U.S.C. section 2255. (Civil Docket

No. 1 at p. 13.)[3]

## II.  Standard of Review

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody

under sentence of a court established by [an] Act of Congress . . .

may move the court which imposed the sentence to vacate, set aside

or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute

provides for post-conviction relief in four instances, namely, if

the petitioner's sentence (1) was imposed in violation of the

Constitution, or (2) was imposed by a court that lacked

jurisdiction, or (3) exceeded the statutory maximum, or (4) was

otherwise subject to collateral attack." <u>David v. United States</u>,

---

[3] In order for a prisoner to effectively vacate his or her sentence, he or she must file a motion to vacate within one year from "the date on which judgment bec[ame] final." 28 U.S.C. § 2255(f)(1). The Court sentenced Mojica on May 10, 2016. (Civil Docket No. 1 at p. 1; Criminal Docket No. 93 at p. 1.) On April 30, 2017, Mojica filed a motion to vacate his guilty plea. (Civil Docket No. 1 at p. 13.) Because Mojica's motion to vacate his guilty plea falls within the one year period, Mojica's motion is timely. <u>See</u> <u>Cruz-Danzot v. United States</u>, No. 17-1229, 2017 U.S. Dist. LEXIS 61067, at *1 (D.P.R. Apr. 18, 2017) (Delgado-Colón, J.) (holding that for purposes of 28 U.S.C. section 2255 "[j]udgment bec[omes] final . . . fourteen days after [sentencing], when petitioner fail[s] to timely appeal [] pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i)") (internal citation omitted).

134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States,

368 U.S. 424, 426-27 (1962)).

In determining the validity of a guilty plea, a court

evaluates "whether the plea represents a voluntary and intelligent

choice among the alternative courses of action open to the

defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970)

(citations omitted). A plea is not considered voluntary if it was

the result of ineffective assistance of counsel. Hill v. Lockhart,

474 U.S. 52, 56 (1985). A claim for ineffective assistance of

counsel is a "constitutional one, and thus falls within the plain

wording of [section] 2255." Knight v. United States, 37 F.3d 769,

774 (1st Cir. 1994). A claim for ineffective counsel also falls

within the scope of the Sixth Amendment of the United States

Constitution. See U.S. Const. amend. VI ("In all criminal

prosecutions, the accused shall enjoy the right to . . . the

assistance of counsel for his defense.").

The United States Supreme Court has set forth a two-part test

to determine whether a defendant was deprived of effective

assistance of counsel. See Strickland v. Washington, 466 U.S. 668

(1984); see Hill v. Lockhart, 474 U.S. at 58 ("[T]he two-part

Strickland v. Washington test [also] applies to challenges to

guilty pleas based on ineffective assistance of counsel."). First,

a "[defendant] must demonstrate[] . . . 'counsel's representation

fell below an objective standard of reasonableness.'" United States v. Ramos, 810 F.2d 308, 314 (1st Cir. 1987) (quoting Hill v. Lockhart, 474 U.S. at 57).[4]  Second, a defendant must establish "that there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. at 59).  "Thus, the [defendant] must demonstrate both incompetence and prejudice.  Failure to prove one element proves fatal for the other." Deering v. United States, 219 F. Supp. 3d 283, 288 (D.P.R. 2016) (Pérez-Giménez, J.) (citing United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012)).

"To prevail on a section 2255 motion, [defendants] must demonstrate ineffective assistance of counsel by a preponderance of the evidence." United States v. Montijo-Maysonet, No. 16-242, 2018 U.S. Dist. LEXIS 100946, at *20 (D.P.R. June 14, 2018) (Besosa, J.) (citing Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)).

---

[4] "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.  In relation to the first element, "[b]ecause of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be 'highly deferential' and indulge a strong presumption that the challenged action 'might be considered sound trial strategy.'" Gutiérrez v. United States, 887 F. Supp. 2d 361, 377 (D.P.R. 2012) (Arenas, Mag. J.) (quoting Strickland, 466 U.S. at 689).

**III. Discussion**

Mojica argues that the Court should vacate his section 924(c)(1)(A) conviction and sentence claiming that: (1) in light of Johnson v. United States, 135 S. Ct. 2551 (2015), section 924(c)'s residual clause is unconstitutionally vague; and (2) he received ineffective assistance of counsel. (Civil Docket No. 1, Ex. 1.) The Court disagrees.

**A.    The Holding of Johnson Does Not Apply to Section 924(c) Crimes**

Johnson held that the residual clause in 18 U.S.C. section 924(e)(2)(B) was "unconstitutionally vague." Ortiz-Humphreys v. United States, No. 16-2230, 2017 U.S. Dist. LEXIS 220053, at *3 (D.P.R. Apr. 9, 2017) (Domínguez, J.) (citing Johnson, 135 S. Ct. at 2557). In Johnson, the Supreme Court found that a "violent felony" under section 924(e) was inadequately defined because it left "grave uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes for a crime to qualify as a violent felony." Johnson, 135 S. Ct. at 2557-58.

Section 924(c)'s residual clause's definition of a "crime of violence," however, is not "unconstitutionally vague." See United States v. Hernández, 228 F. Supp. 3d 128, 141 (D. Me.

2017).[5]  "In Johnson, the Supreme Court explicitly stated that it was only declaring the residual clause of [section] 924(e) unconstitutionally vague, **while leaving the rest of the statute intact, and significantly limiting the ruling's encroachment on seemingly similar statutes.**"  Medina-Villegas v. United States, No. 14-1113, 2016 U.S. Dist. LEXIS 99871, at *15-16 (D.P.R. July 29, 2016) (Pérez-Giménez, J.) (emphasis added) (citing Johnson, 135 S. Ct. at 2561).  "[T]he Circuit Courts, including the First Circuit . . . all have held that Johnson did nothing to alter the applicability of Section 924(c)."  Ortiz-Humphreys, 2017 U.S.

---

[5] "Section . . . 924(c)(3)(B) [is commonly referred to] as the 'residual clause.'"  United States v. Hernandez, 228 F. Supp. 3d at 132-33.  Section 924(c)'s residual clause defines the term "crime of violence" as "an offense that is a felony and . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id. (quoting 18 U.S.C. § 924(c)(3)(B)).

Dist. LEXIS 220053, at *7 (citing Taylor, 848 F.3d 476 (1st Cir.

2017)); see Hernández, 228 F. Supp. 3d at 141.[6]

**B.    Mojica Did Not Receive Ineffective Assistance of Counsel**

Mojica's contention that he received ineffective

assistance of counsel is unpersuasive.  Mojica alleges that his

attorney was ineffective because his attorney failed to:  (1) warn

Mojica that his "sentence could not be challenged or changed

without direct appeal" after signing the plea agreement, and

(2) inform Mojica that signing the plea agreement involved a waiver

of direct appeal.  (Civil Docket No. 1, Ex. 1 at pp. 1 & 3.)

Although Mojica claims that his attorney failed to explain the

ramifications of his guilty plea, Mojica made contradictory

representations in his plea agreement, change of plea hearing, and

sentencing hearing, which undermine the assertions presented in

---

[6] Hernández distinguishes the residual clauses in section 924(e) and 924(c):

> [S]everal factors distinguish the [section 924(e)] residual clause
> from [section] 924(c) . . . .  First, the statutory language of
> [section] 924(c) . . . is distinctly narrower, especially in that
> it deals with physical force rather than physical injury.  Second,
> the [section 924(e)] residual clause is linked to a confusing set
> of examples that plagued the Supreme Court in coming up with a
> coherent way to apply the clause, whereas there is no such weakness
> in [section] 924[(c)] . . . .  Third, the Supreme Court reached its
> void-for-vagueness conclusion only after struggling mightily for
> nine years to come up with a coherent interpretation of the clause,
> whereas no such history has occurred with respect to [section]
> 924(c) . . . .  Finally, the Supreme Court was clear in limiting its
> holding to the particular set of circumstances applying to the
> [section 924(e)] residual clause, and only some of those
> circumstances apply to [section] 924(c) . . . .

Hernández, 228 F. Supp. 3d at 141 (internal citations omitted).

his motion.  See Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D.

Mass. 2003) ("Indeed, the Supreme Court has held that there is a

'strong presumption of verity' that attaches to statements made in

'open court.'") (quoting Blackledge v. Allison, 431 U.S. 63, 74

(1977)).

        In the plea agreement, Mojica confirmed his

understanding that his guilty plea would "waive[] and surrender[]

his right to appeal judgment and sentence in this case." (Criminal

Docket No. 45 at p. 6.)  Mojica represented that he was satisfied

with counsel and that counsel delivered effective legal

assistance.  Id.  According to the agreement, Mojica plead "guilty

freely and voluntarily because he is guilty."  Id. at p. 9.  In

the agreement's "understanding of rights" section, Mojica

acknowledged that the agreement was translated into Spanish for

his understanding, that he comprehended all of his rights in

relation to the indictment, and that he had reviewed and understood

"every part" of the agreement.  Id. at p. 10.  Mojica signed every

page of the plea agreement to validate his understanding, including

his agreement to the Stipulation of Facts.  See id. at pp. 1-10, 12.

        Mojica made similar representations at the change of

plea hearing.  (Criminal Docket No. 92.)  The Court asked Mojica,

"Do you underst[and] that if [the Court] do[es] sentence you

according to the . . . plea agreement, you waive and surrender

your right to appeal your sentence and the judgment in the case?"
Id. at p. 13.  Mojica responded, "I understand."  Id.  Mojica also
recognized that in exchange for his guilty plea to counts two and
three of the indictment, the government "agree[d] to dismiss the
remaining counts of the indictment at sentencing, including the
[section] 924(c) machine gun count, which would carry a mandatory
minimum sentence of 30 years."  Id. at pp. 10-11.  "The parties
also agree[d] that [Mojica] [was] entitled to a two level downward
adjustment for acceptance of responsibility."  Id. at p. 11.

Mojica made clear representations to the Court that he
understood the ramifications of his guilty plea.  Throughout the
plea and sentencing phases, Mojica's attorney and the Court
explained all steps to Mojica, including the consequences of his
guilty plea. (Criminal Docket No. 92 at pp. 10-13; Criminal Docket
No. 93 at pp. 10-11, 21; Criminal Docket No. 25 at pp. 6-10.)  All
proceedings were conducted in a careful and candid manner to ensure
that Mojica understood he was waiving his right to appeal, and to
safeguard that Mojica was waiving his right knowingly and
voluntarily.  See United States v. De La Cruz-Castro, 299 F.3d 5,
12 (1st Cir. 2002) (holding that defendant's waiver of appeal was
voluntary where "the district court [] asked [defendant] and his
counsel if he knew 'that by entering into this plea agreement and
entering a plea of guilty [he] would have waived or given up [his]

right to appeal all or part of [his] sentence'" and the defendant

answered yes).  Indeed, Mojica possessed legitimate incentives to

plead guilty.  The government offered to dismiss count one in order

for Mojica to receive a sentence lower than the 30-year minimum

sentence he would have received had he pled to count one.  See

United States v. Oakes, 411 F. Supp. 2d 1, 4 (D. Me. 2006) (quoting

Brady v. United States, 397 U.S. 742, 756 (1970)) ("Often the

decision to plead guilty is heavily influenced by the defendant's

appraisal of the prosecution's case against him and by the apparent

likelihood of securing leniency should a guilty plea be offered

and accepted."); Gutierrez v. United States, 887 F. Supp. 2d 361,

375 (D.P.R. 2012) (Arenas, Mag. J.) ("If one compares the

representations in court and in the [motion], there appears no

credible evidence to support [the defendant]'s claim that his

attorney's representation fell below an objective standard of

reasonableness, nor does the record support that but for the

alleged errors by the attorney, [the defendant] instead of pleading

guilty would have proceeded to trial, or stood fast for a more

favorable plea offer.").

        Mojica's argument is conclusory and unsupported by the

record.  See Restucci, 249 F. Supp. at 45 (defendant "produced no

evidence beyond his self-serving affidavit and the affidavits of

members of his family to corroborate his" ineffective assistance

of counsel claim).  Because Mojica's sentence was not imposed "in violation of the Constitution," see David, 134 F.3d at 474, the Court **DENIES** Mojica's motion to vacate his guilty plea.  (Civil Docket No. 1.)[7]

## IV.  Conclusion

For the reasons discussed above, Mojica's motion to vacate his guilty plea is **DENIED**.  (Civil Docket No. 1.)  This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 23, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[7] Because Mojica never requested an evidentiary hearing pursuant to 28 U.S.C. § 2255(b), this Court need not grant one.  See Corporán-Cuevas v. United States, No. 02-2514, 2003 U.S. Dist. LEXIS 15041, at *52 (D.P.R. May 14, 2003) (Delgado-Colón, Mag. J.) (citing David, 134 F.3d at 477) ("As is well known, a [section] 2255 petitioner is not entitled to an evidentiary hearing as a matter of right."); Román-Portalatín v. United States, No. 12-1687, 2012 U.S. Dist. LEXIS 190989, at *14 (D.P.R. Dec. 26, 2012) (Arenas, Mag. J.) (quoting United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993)) ("[I]t has been held that an evidentiary hearing is not necessary if the [section] 2255 motion is inadequate on its face or if, even though facially adequate, 'is conclusively refuted as to the alleged facts by the files and records of the case.'").